```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
 2                       ATLANTA DIVISION

 3   UNITED STATES OF AMERICA        )
                                     )
 4            Plaintiff,             )   CRIMINAL ACTION FILE
                                     )   NO. 1:16-CR-99-WSD
 5   v.                              )
                                     )   ATLANTA, GEORGIA
 6   BENNETT L. KIGHT                )
                                     )
 7            Defendant.             )
     _____)
 8

 9         TRANSCRIPT OF AUDIO-RECORDED PROCEEDINGS
            BEFORE THE HONORABLE LINDA T. WALKER,
10              UNITED STATES MAGISTRATE JUDGE

11                       TELECONFERENCE
                     Monday, May 15, 2017
12

13

14

15   APPEARANCES OF COUNSEL:

16   For the Plaintiff:        OFFICE OF THE U.S. ATTORNEY
                               (By:  Douglas W. Gilfillan)
17
     For the Defendant:        DENTONS US LLP
18                             (By:  Rachel M. Cannon)

19

20

21

22    Proceedings digitally audio-recorded, then transcribed by
               mechanical stenography and computer by
23             NICHOLAS A. MARRONE, RMR, CRR
                     1714 U. S. Courthouse
24                 75 Ted Turner Drive, S.W.
                      Atlanta, GA  30303
25                     (404) 215-1486
```

```
1                     Monday Morning Session
2                        May 15, 2017
3                         10:33 a.m.
4                         -- -- --
5                    P R O C E E D I N G S
6                         -- -- --
7            (In open court by teleconference:)
8            THE COURT:  Okay.  Good morning.
9            MS. CANNON:  Good morning, Your Honor.
10           MR. GILFILLAN:  Good morning, Judge.
11           THE COURT:  I thank you for accommodating me.  This
12   is the case of United States of America versus Bennett Kight,
13   Case 1:16-CR-99.
14           It's my understanding we have on the line
15   Ms. Rachel Cannon on behalf of the defendant, and
16   Mr. Douglas Gilfillan on behalf of the government.
17           I wanted to sort of give you an update.
18           As you may recall, I think it was last week
19   I requested sort of a status update as to where we were in
20   the competency evaluation of Mr. Kight with Dr. Marks, and at
21   that time I was informed that she had not yet had the
22   evaluation and that -- conducted it.  It was going to be
23   conducted on or about the 22nd, Monday the 22nd, I believe.
24   So I followed up with her.
25           And I guess I was a little bit -- maybe a little
```

1  surprised when I was informed by the parties that her
2  evaluation was going to be about three hours of the
3  defendant, Mr. Kight, which is a little different from
4  almost every -- not a little, a lot different from all
5  the other evaluations that I have ever reviewed or
6  considered.
7          So in any event, I did follow up with Dr. Marks,
8  and what she indicated to me is that she has not started
9  reviewing any of the records; that she was going to start
10 Thursday, May 18th; and that because of the volume of the
11 records she had received, she was going to have to push the
12 evaluation back at least till June 7th, 2017.
13         So I went back and I also looked again -- took a
14 second look at the defendant's motion regarding the
15 competency, and having talked to Dr. Marks, I did ask her a
16 little bit more questions -- which I apologize, I probably
17 should have done earlier -- with regard to the number of
18 times that she has had to evaluate individuals with regard
19 to dementia, things of that nature, how often she has
20 testified particularly in federal court regarding
21 competency.
22         And based on her responses, and for a number of
23 reasons, I think what I'm going to need to do is to sort of
24 go in a little bit of a different direction, someone with a
25 little bit more expertise in neuropsychological issues or

```
 1   expertise or capacity for cognitive disorders.
 2           And so that's what I'm looking at.
 3           She has not looked at anything yet, and the three
 4   of us -- it was a little concerning for the Court, I wanted
 5   to make sure that whatever report that the Court obtains and
 6   the parties obtains, that it is sufficient and inclusive and
 7   seriously considers whatever cognitive impairments that
 8   Mr. Kight is suffering from, or allegedly suffering from,
 9   things of that nature.
10           So I think what we are going to do is I'm going to
11   find someone who has more of a specialty in the
12   neuropsychological arena, and I expect to find someone in
13   that area hopefully this week.  This week.  I'm not going to
14   prolong it.
15           I'm probably going to have defendant -- I haven't
16   told Ms. Marks -- I'm sorry, Dr. Marks this yet.  She was
17   aware of some of the Court's concerns when I spoke to her,
18   particularly the length of the evaluation, the type of
19   evaluation.  We didn't get into all of the semantics of how
20   she was going to do it, but the length.
21           And so -- and she indicated to the Court that she
22   knows she's testified in state court, but she's not sure she
23   has ever done it in federal court.
24           So in any event, I think we are going to go --
25   well, I know we are going to go in a little bit different
```

1  direction and find somebody who specializes in a little bit
2  more of the issues at hand in this case and not just our
3  standard competency forensic evaluation.  Okay?
4          MS. CANNON:  Sure.
5          THE COURT:  Okay.  So I apologize.  We are not
6  going to delay this.  I know that both parties want to get
7  this behind them one way or the other, and so hopefully we
8  will -- maybe by the end of the week I can let you know who
9  that person is.  Is that okay?
10         MS. CANNON:  Sure.
11         Judge, if it would be useful, we did make some
12 inquiries as well and did get a name of somebody who does
13 competency evaluations and does specialize in these kind of
14 neuropsychological issues.
15         We never -- we didn't reach out to him.  We were
16 just given a name.  So I'm happy to forward that name to the
17 Court and Mr. Gilfillan.  I don't -- you know, everyone is
18 kind of welcome to agree on him or not.
19         I really don't know anything about him.  I just
20 know that the area, there is only a few people that
21 specialize in it, so I imagine that the pool of eligible
22 doctors isn't all that large.
23         But I'm happy to forward that name along for your
24 consideration.
25         THE COURT:  Okay.  Thank you.  I appreciate that.

1      MR. GILFILLAN:  And, Your Honor, I certainly --
2 I think that would -- maybe could help.  I would like to see
3 who Ms. Cannon would identify.
4      And then I don't know if the Court would
5 consider -- I mean, I will throw out a name:
6 Dr. Michael Hilton.
7      He has done a lot of stuff, and he may not be a
8 specialist as far as neuropsych, but, I mean, Dr. Hilton is
9 pretty experienced, and a large part of his practice is
10 competency exams, and I wonder if the Court would consider
11 him?
12      THE COURT:  Okay.  Thank you.
13      And so, Ms. Cannon, if you will submit your name to
14 me too, that will be a great help.  But I'm trying to get
15 this done for you and keep it moving.  Okay?
16      MS. CANNON:  Sounds good.
17      THE COURT:  Okay.  Thank you both for considering
18 it.
19      And I will let Dr. Marks know that we are going to
20 go in a little bit different direction; okay?
21      MS. CANNON:  Okay.
22      THE COURT:  Okay.  Thank you very much.  Have a
23 good day.
24      MS. CANNON:  Okay.  Thank you.
25      MR. GILFILLAN:  Thank you, Judge.

```
 1              MS. CANNON:  Goodbye.
 2              THE COURT:  Goodbye.
 3                  (Proceedings adjourn at 10:40 a.m.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

UNITED STATES OF AMERICA         :
                                 :
NORTHERN DISTRICT OF GEORGIA     :

      I, Nicholas A. Marrone, RMR, CRR, Official Court Reporter of the United States District Court for the Northern District of Georgia, do hereby certify to the best of my ability that the foregoing 8 pages constitute a true transcript of audio-recorded proceedings had before the said Court, held in the city of Atlanta, Georgia, in the matter therein stated.

      In testimony whereof, I hereunto set my hand on this, the 22nd day of June, 2017.

*/s/ Nicholas A. Marrone*
_____
NICHOLAS A. MARRONE, RMR, CRR
Registered Merit Reporter
Certified Realtime Reporter
Official Court Reporter
Northern District of Georgia