IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

BENNETT L. KIGHT,

        Defendant.

1:16-cr-99-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Bennett L. Kight's ("Defendant") Motion to Reconsider the Court's Order Unsealing Private Medical, Neuropsychological, and Financial Records [130] ("Motion to Reconsider").[1]

---

[1] A number of cases relied on in Defendant's Motion to Reconsider do not support Defendant's argument to seal all medical and financial records because they involve situations in which the defendant's medical history, diagnoses, and evaluations were not yet public. For example, in United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir.), the Ninth Circuit considered whether a district court properly denied sealing a defendant's pre-trial competency proceedings and related filings. Specifically, the Ninth Circuit stated that, while a "criminal defendants' rights to privacy and a fair trial . . . are significant," it is unclear "how they would be substantially imperiled by open competency proceedings." Id. at 998. The Court held further:

> It is possible that the press might report on once private details of a criminal defendant's life that are disclosed at the proceeding and in related documents. However, there is no authority for the proposition that a defendant's preference that his personal history be kept personal

Defendant seeks the Court to reconsider its March 2, 2018, Order [128] denying a variety of Defendant's motions to seal medical records and associated documents.

Early after the issue of Defendant's incompetency to stand trial was raised by Defendant, the Court allowed various medical records to be sealed because it was unclear if they would later be used to evaluate Defendant's competency. At the time, it was appropriate to protect Defendant's privacy interests in his medical records. During the course of briefing his competency issue, Defendant, however, disclosed in intricate detail in his publicly-filed motions and pleadings, Defendant's medical diagnoses, treatments, and evaluations attributing Defendant's cognitive deterioration to various medical issues he experienced, including injury caused by a trip outside of his home. The competency hearing, which spanned two days in January 2018, focused on detailed medical

---

justifies denial of public access to criminal proceedings. Further, countless competency proceedings have been held publicly without compromising the fairness of subsequent trials. Also, as the district court stated, alternatives to sealing, such as careful screening of prospective jurors and moving the location of the trial, are available to protect defendants' right to a fair trial.

Id. Importantly, the Ninth Circuit's discussion focused on whether to keep confidential the defendant's pre-trial competency hearing altogether. Defendant did not once raise such a request in this case. Instead, for at least one year prior to his competency hearing, Defendant repeatedly divulged and discussed in great detail his medical history, mental health evaluations, and related information in various publicly-available motions and pleadings and then later in open court during his competency hearing.

examination, testing, diagnoses, evaluations, and opinions, and records associated with them. Defendant's medical records and medical history were discussed at length by Defendant's expert, Dr. Jason King, and they were used by Defendant extensively during the examination of Defendant's treating physician, Dr. Chadwick Hales, and during the lengthy cross-examination of the Court's expert, Dr. Daniel Marson. That is, Defendant has made public a broad body of his medical records and intricate detail about his medical history, because, the Court concludes, he believed it was necessary to advocate the issue of his competency. The disclosure of this detailed medical information was useful to the Court in evaluating Defendant's competency to stand trial and it was relied on in detail in the Court's opinion issued on February 2, 2018, [118].

With that said, it is possible there are entries in the medical records that are unrelated to the medical issues and evidence raised as part of Defendant's incompetency claim. If so, the Court will reconsider if any of the medical records requested to be sealed should be maintained under seal or if it should allow public availability of only redacted records. To assist Defendant with his review of the medical records to determine what, if any, portions should be redacted in the publicly available copies, the Court requires the Defendant to specifically identify that information in the medical records that Defendant has moved to seal and to

identify the specific information in such records that has not yet been disclosed in submissions in this case or at the competency hearing in this action. To aid Defendant to meet this requirement, the Court has created the following list of medical events and evaluations that Defendant has relied upon, and which have been disclosed and discussed in motions and pleadings, and at the competency hearing:

1. January 2008, Piedmont Hospital admission for left-frontal intracranial hemorrhage and hematoma and follow-up doctor's visits through spring of 2008, including outpatient records from Drs. Dunlevie, Russell, and Hanson, records from May 2008 Johns Hopkins Medicine Executive Health Program, and records from Dr. Michael Frankel neurological consultation. ([48] at 13, 32; [59] at 2; [81] at 11; [113] at 79, 81-90).

2. June 1, 2016, neuropsychological evaluation by Dr. Jason King, resulting in diagnosis of Mild Cognitive Impairment ("MCI"), multiple domains. ([59] at 3-5; [81] at 13 [113] at 14-125).

3. August 9 and November 15, 2016, evaluations by Dr. Angela Ashley, including Dr. Ashley's vascular dementia diagnosis. ([59] at 6-8; [81] at 16; [113] at 56, 115-16).

4. December 22, 2016, fall, resulting in a new hematoma, broken ribs, and a laceration requiring six stitches. ([55] at 1; [59] at 2; [81] at 18-19; [113] at 124).

5. February 1, 2017, episode of aphasia. ([81] at 19; [114] at 95-101, 186).

6. February 6, 2017, seizure, including treatment notes from Dr. Hany Atallah and Dr. Kimberly Medhane. ([55] at 1-2; [59] at 2; [81] at 20-21; [114] at 186).

4

7. February 15, 2017 and May 8, 2017, neurological evaluations by Dr. Maria Silva, M.D., regarding follow-up to seizure. ([59] at 9; [81] at 22; [114] at 141-42).

8. March 6, 2017, neurosurgery consultation with Dr. Sidney Wang regarding gait issues. ([81] at 22).

9. March 10, 2017, consultations with Drs. Belagaje and Mahdi at Emory Stroke Clinic. ([114] at 179-82).

10. March 12-16, 2017, urinary and catheter issues culminating in sepsis, including issues with "lengthy mastication." ([81] at 23-24; [114] at 86-88).

11. April 24 and July 26, 2017, neurological consultations with Dr. Julian Bragg, resulting in diagnoses of dementia, memory deficit, idiopathic epilepsy. ([81] at 25; [113] at 44, 56,122).

12. June 2017, Fulton County Probate Court Order appointing Defendant a guardian/conservator, including competency evaluation of licensed clinical social worker. ([81] at 28-29; [113] at 12).

13. July 2017 recommendation by Dr. Andrew Brown that Defendant begin receiving health care in light of Defendant's "advanced age[] and [] serious and chronic health problems." ([81] at 26).

14. August 8, 2017 and November 2017, evaluation by Dr. Chadwick Hales, resulting in a diagnosis of Alzheimer's disease and vascular dementia. ([81] at 22, 26; [114] at 133-205).

15. August 2017 evaluation by Dr. Marson. ([114] at 12-133).

16. Ophthalmologist visits regarding Defendant's glaucoma. ([113] at 36-38, 121, 181).

17. December 2017 follow-up evaluation by Dr. King. ([114] at 7-8, 10, 17-21).

After Defendant reviews the medical records he seeks to seal, he should deliver to the Court a copy of those pages of the unredacted medical records he wishes the Court to reconsider.[2] The copies should be delivered to the Court on or before March 23, 2018, in the following form. Defendant shall:

1. Highlight in blue the medical information Defendant contends has not been disclosed in submissions filed in this case or referred to at the competency hearing;

2. Highlight in yellow the entries that are unrelated to any of the topics listed in paragraphs 1-17 above, and which were not previously disclosed or discussed; and

3. Highlight in green any personal identifying information (social security number, home address, date of birth, financial account numbers).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Bennett L. Kight shall file, on or before March 23, 2018, in hardcopy and sealed on the docket, a comprehensive exhibit (1) highlighting in blue the medical information Defendant contends has not been disclosed in submissions filed in this case or referred to at the competency

---

[2] Defendant, throughout his Motion to Reconsider, refers generally to the need to seal Defendant's "financial records" but otherwise fails to specify what the "financial records" constitute. To the extent Defendant seeks to have certain "financial records" sealed, the Court directs Defendant to engage in the same highlighting process as with Defendant's medical records.

6

hearing, (2) highlighting in yellow any information Defendant deems unrelated to those topics in 1-17 listed above, and which was not previously disclosed or discussed, and (3) highlighting in green any personal identifiers such as Defendant's social security number, home address, date of birth, or financial account numbers. Defendant shall for each highlighted document identify a key explaining where on the docket each exhibit appears under seal or provisionally under seal. A courtesy copy of what is filed pursuant to this Order shall be delivered to the Court's chambers on or before March 23, 2018.

**SO ORDERED** this 6th day of March, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE