# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BENNETT L. KIGHT, <br>                              **Defendant.** | 1:16-cr-99-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Bennett L. Kight's ("Defendant") Motion to Reconsider the Court's Order Unsealing Private Medical, Neuropsychological, and Financial Records [130] ("Motion to Reconsider").[1]

On March 2, 2018, the Court denied a number of Defendant's motions to seal certain medical records and associated documents, including Defendant's Motion to File Under Seal [56], Defendant's Unopposed Motion to File Medical Records Under Seal [72], Defendant's Motion to File Exhibit A Under Seal [109], and Defendant's Motion to Seal Certain Competency Hearing Exhibits [115]. (See March 2, 2018, Order [128] ("March 2nd Order")). The Court also ordered the

---

[1] The Court incorporates herein its lengthy discussion and reasoning in its March 6, 2018, Order [131] ("March 6th Order") explaining why Defendant's arguments for sealing are unsupported.

unsealing of previously sealed documents as the result of orders issued by Magistrate Judge Walker.  These motions all essentially cited the same grounds for sealing.  That is, they all argued that the medical records contained confidential and sensitive medical and mental health history and medications that did not warrant public disclosure.

Upon review of the medical records previously sealed and those sought to be sealed, and the posture of the already-publicly disclosed medical details surrounding Defendant's claim of incompetency, the Court determined in its March 2nd Order that Defendant's medical records should be made publicly available.  The Court concluded:

> Considering that Defendant has made his alleged cognitive decline and dementia a current central issue in this case by putting his competency to stand trial at issue and that the Court considered that information in great detail in issuing its February 2, 2018, Order [118], the public has an interest in this information—especially how it underpins this Court's competency determination.

([128] at 10).  The Court reasoned further that, "by putting at the forefront of these proceedings the issue of his competency, Defendant gave up, to a large degree, any legitimate privacy interests in his medical records and associated documents that he may have once had."  (Id. at 11).  The Court found this particularly true because Defendant's medical history, diagnoses, and treatment were largely disclosed by

2

Defendant at the public competency hearing and in various public filings preceding the hearing.  (Id.).

On March 5, 2018, Defendant filed his Motion to Reconsider the Court's March 2nd Order.  Defendant argues that controlling case law favors sealing all of Defendant's medical, neuropsychological, and financial records.  Defendant also argues that by asserting his constitutional right to be tried only if competent Defendant does not waive his constitutional right to privacy.  On March 6, 2018, and in order to assist the Court in deciding Defendant's Motion to Reconsider, the Court ordered Defendant to provide to it, on or before March 23, 2018, a copy of unredacted medical records highlighted in various colors signaling those matters he wished the Court to reconsider sealing.  ([131] at 4-7).  These materials were submitted to the Court on March 26, 2018 [140] (the "Submitted Materials").

The Court finds that most of the proposed redactions in the Submitted Materials encompass information generally unrelated to Defendant's competency claim or not publicly disclosed during the competency proceedings.  The Court finds that this material may remain under seal.  The Court finds, however, that some of the proposed redactions in the Submitted Materials do not warrant sealing and redaction.  The following sections of Defendant's proposed redactions are not permitted:

1. The portion beginning with "Imaging Studies" and ending with "Approved By: ERIC MCCLEES MD 3/13/2017 8:33 AM" ([140.6] at 55; see also [140.7] at 1)

2. The "Neurological" and "Neurologic" descriptions discussing expressive aphasia ([140.6] at 61)

3. The portion stating "CT Head // 3/12 // No acute intracranial findings // Old stroke in left frontal region" ([140.6] at 72; see also [140.6] at 94)

4. The "Psychiatric" description discussing judgment and "good recent and remote memory" ([140.6] at 79)

5. The section starting "3/13/17 CT head No acute intracranial findings" and ending "There has been no change since 2/2/2017" ([140.6] at 81).

The Court also finds, upon further consideration, that Government Exhibits 14 and 16 containing test stimuli from the Test of Memory Malingering (TOMM) and Dot Counting Test, may remain under seal.

**IT IS HEREBY ORDERED** that Defendant Bennett L. Kight's Motion to Reconsider the Court's Order Unsealing Private Medical, Neuropsychological, and Financial Records [130] is **GRANTED IN PART**. The Motion to Reconsider is **GRANTED** to the extent that Defendant may publicly file the Submitted Materials [140] on or before April 6, 2018, with proposed redactions excepting those sections detailed above in Paragraphs 1-5. Defendant is further directed to redact

those portions of the comprehensive exhibit containing Government Exhibits 14 and 16.

**SO ORDERED** this 28th day of March, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE