## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| v. | NO. 1:16-CR-99-AT-LTW |
| BENNETT L. KIGHT, | (SECOND SUPERSEDING) |
| Defendant | |

## DEFENDANT BENNETT KIGHT'S NOTICE OF FILING OF HIS PENDING MOTION TO DISMISS HIS FIRST SUPERSEDING INDICTMENT AS ONE OF HIS MOTIONS TO DISMISS HIS SECOND SUPERSEDING INDICTMENT

Defendant Bennett Kight, by and through his undersigned counsel, hereby gives notice that his currently pending motion to dismiss his first superseding indictment, (Doc. 177), should be treated as one of two motions to dismiss the above-captioned second superseding indictment, respectfully stating as follows:

1.      On April 9, 2019, Mr. Kight moved to dismiss the mail and bank fraud counts of the first superseding indictment in this criminal action, (Doc. 15), which comprised the indictment's only two counts, as a matter of law pursuant to Federal Rule of Criminal Procedure 12(b). (Doc. 177).

2.      In substance, Mr. Kight moved to dismiss the first superseding indictment's bank fraud count (Count Two) for failure to state a criminal offense under Federal Rule of Criminal Procedure 12(b)(3)(B) because the purportedly fraudulent deed charged as having executed Mr. Kight's alleged bank fraud offense is, as a matter of law, a perfectly valid title instrument. (Doc. 177 ¶¶ 5-7; Doc. 177-1 at 8-14 and 16-18).

3.      Mr. Kight also moved to dismiss the first superseding indictment's mail fraud count (Count One) for (i) lack of jurisdiction under Federal Rule of Criminal Procedure 12(b)(2) because it is time-barred given that no mailing in furtherance of the charged scheme occurred within the statute of limitations, and (ii) failure to state a criminal offense under Rule 12(b)(3)(B) because, once again, the purportedly fraudulent deed charged as having executed Mr. Kight's alleged mail fraud offense is, as a matter of law, entirely legitimate. (Doc. 177 ¶¶ 8-14; Doc. 177-1 at 8-14 and 18-24).

4.      On  April 25, 2019, Mr. Kight submitted a notice of filing of his theory of defense requests to charge, (Doc. 180), which, in conjunction with his requested legal instructions, (Doc. 180-1), provides further guidance regarding why the first superseding indictment's mail and bank fraud counts are subject to dismissal as a matter of law under Rule 12(b).

5.      The government filed its opposition to Mr. Kight's motion to dismiss

the first superseding indictment's mail and bank fraud counts on May 6, 2019.

(Doc. 183).

6.      Mr. Kight thereafter filed his reply memorandum on May 13, 2019.

(Doc. 188).

7.      Prior to submission of this reply brief, the government notified Mr.

Kight that a grand jury had returned a second superseding indictment in this case,

which was filed on May 7, 2019. (Doc. 184).

8.      Because the second superseding indictment amended the first

superseding indictment's allegations pertaining to the identity of Mr. Kight's

putative victim,[1] rather than its legally deficient allegations related to purported

invalidity of the March, 2011 deed charged as having executed the first

superseding indictment's mail and bank fraud counts, the parties agreed that Mr.

Kight would file his reply memorandum in support of his pending motion to

dismiss as if the first superseding indictment remained operative.

---

[1] Which Mr. Kight contends in a separate motion to dismiss filed of even date
herewith constitutes an out-of-time, substantive amendment of the victim
contentions made in the first superseding indictment.

9.      The second superseding indictment appeared on the docket of this case on May 13, 2019, the same day Mr. Kight filed his reply brief in support of his then-pending motion to dismiss the first superseding indictment.

10.     Judge Totenberg conducted a telephonic status conference on May 17, 2019, regarding, among other things, the status of Mr. Kight's pending motion to dismiss, (Doc. 177), in light of filing of the second superseding indictment, (Doc. 184).

11.     The undersigned advised Judge Totenberg of the parties' agreement that, while Mr. Kight reserved the right to move to dismiss the second superseding indictment on other grounds, his motion to dismiss the first superseding indictment based on legal validity of the charged deed (in combination with his supporting memorandum and exhibits, the government's opposition, and Mr. Kight's reply) would be resubmitted as Mr. Kight's motion to dismiss the second superseding indictment on the same grounds.

12.     Judge Totenberg memorialized the parties' stated agreement with regard to refiling of the pending motion to dismiss by order entered on May 22, 2019. (Doc. 190).

13.     On May 30, 2019, Mr. Kight complied as ordered with Judge Totenberg's request regarding notice to the district and magistrate courts

concerning resubmission of his pending motion to dismiss (accompanied by the parties' underlying briefing).

WHEREFORE, Mr. Kight hereby gives notice of refiling of his pending motion to dismiss Counts One and Two of the first superseding indictment in this criminal action pursuant to Rule 12(b), (Doc. 177), as his motion to dismiss Counts One and Two of the second superseding indictment on the same grounds.

Mr. Kight further gives notice of the parties' agreement that the memorandum in support of his motion to dismiss and its exhibits, (Docs. 177-1 through 177-5), the government's opposition, (Doc. 183), and Mr. Kight's reply, (Doc. 188), are also resubmitted as if filed in connection with the second superseding indictment.

SIGNATURE APPEARS ON FOLLOWING PAGE

Dated:  June 7, 2019                    Respectfully submitted,


                              By:   /s/ Paul N. Monnin
                                    Paul N. Monnin
                                    Georgia Bar No. 516612
                                    paul.monnin@alston.com
                                    Lara Tumeh
                                    Georgia Bar No. 850467
                                    lara.tumeh@alston.com
                                    Caroline Rawls Strumph
                                    Georgia Bar No. 250168
                                    caroline.strumph@alston.com

                                    ALSTON & BIRD LLP
                                    1201 W. Peachtree Street, Suite 4900
                                    Atlanta, Georgia  30309
                                    Telephone: (404) 881-7000
                                    Facsimile: (404) 881-7777

                                    *Attorneys for Defendant Bennett L. Kight*

## <u>LOCAL RULE 7.1D CERTIFICATE</u>

The undersigned hereby certifies that the foregoing document has been formatted in Times New Roman font, 14-point type, which complies with the font size and point requirements of Local Rule 5.1C.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned thereby certifies that on this date a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated:  June 7, 2019                    By:  <u>/s/ Paul N. Monnin</u>

LEGAL02/39018285v2